UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHNNY HO,

    Defendant.

_____/

Case No. 22-20021

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANT'S MOTION
TO SUPPLEMENT THE RECORD ON APPEAL [63]**

Defendant Johnny Ho was found guilty at trial of conspiracy to commit wire fraud, wire fraud, and money laundering. His appeal is currently pending before the Sixth Circuit Court of Appeals. Before the Court is Defendant's Motion to Supplement the Record on Appeal. (ECF No. 63.) The Government responded in opposition to Defendant's motion. (ECF No. 64.) Defendant did not file a reply.

In his motion, Defendant states that he is appealing the issue of whether this Court denied Defendant his Sixth Amendment right to a fair trial by prohibiting Defendant from calling his private investigator to present hearsay testimony after several proposed defense witnesses asserted their Fifth Amendment privilege and declined to testify at trial. Defendant therefore seeks to supplement the appellate record with two written reports authored by the private investigator which concern what would have been the subject matter of her testimony. (*See* ECF No. 63-2.) The Government argues that Defendant's motion should be denied because Defendant made the strategic choice to summarize the investigator reports for this Court rather than file the

1

reports themselves during this Court's proceedings. (*See* ECF No. 31.) The reports were therefore not omitted from the record as a result of any "error or accident" as contemplated by Federal Rule of Appellate Procedure 10(e)(2).

Federal Rule of Appellate Procedure 10 provides that the "Record on Appeal" consists of "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R. App. P. 10(a). Under Rule 10(e)(2), the record may be corrected or modified "[i]f anything material to either party is omitted from or misstated in the record by error or accident . . ." But "error" and "accident" are the key terms here— Sixth Circuit caselaw makes clear that Rule 10(e)(2) is not intended to permit a party to "introduce new evidence in the court of appeals," *United States v. Smith*, 344 F.3d 479, 486 (6th Cir. 2003) (citing *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.,* 678 F.2d 636, 641 (6th Cir.1982)); *United States v. Murdock*, 398 F.3d 491, 500 (6th Cir. 2005). Thus, Defendant must "resort to an argument based on equitable principles," but even these, without any reasonable explanation, "do not excuse [a party's] own failure to put the actual documents before the district court and on the record, prior to judgment." *United States v. Murdock*, 398 F.3d 491, 500 (6th Cir. 2005). The Court therefore agrees with the Government.

For the foregoing reasons, Defendant's Motion to Supplement the Record on Appeal is **DENIED**. (ECF No. 63.) As the parties' briefs sufficiently set forth the relevant

factual and legal arguments, the Court issues this decision without a hearing. (*See* E.D. Mich. L.R. 7.1(f)(2)).

**SO ORDERED**.

                                                 s/ Nancy G. Edmunds
                                                 Nancy G. Edmunds
                                                 United States District Judge

Dated: June 28, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 28, 2023, by electronic and/or ordinary mail.

                                         s/ Lisa Bartlett
                                         Case Manager